IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2002-57 |
| ) | |
| FABIAN TOWERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER AND REPORT AND RECOMMENDATION

Before the Court is defendant Fabian Towers' Consent Motion to Dismiss Alleged Violations of Supervised Release and Request for Early Termination. [ECF 119].

On August 17, 2017, defendant initially appeared before the undersigned with respect to two alleged violations of the terms of his supervised release. These allegations related to defendant's failure to (1) turn in monthly reports to the United States Probation Office ("USPO"), and (2) attend substance abuse counseling. On September 1, 2017, Chief Judge Wilma A. Lewis referred to the undersigned the revocation proceedings scheduled for September 14, 2017.[1] [ECF 110]. As a result of the two hurricanes that hit the Virgin Islands in September 2017, the hearing was eventually rescheduled for December 6, 2017. [ECF 112].

At the December 6, 2017 hearing, both defendant and the government gave positive reports regarding defendant's full compliance with his release terms and other favorable matters, and asked to continue the revocation proceedings to allow defendant to finish his treatment program.

---

[1] *See* 18 U.S.C. § 3401 (i) (2012) (allowing a referral to a magistrate judge of supervised release proceedings for findings and recommendations).

The Court was able to observe and interact with defendant and came away with a positive impression regarding his progress. The Court rescheduled the proceeding to March 1, 2018, and then, due to a conflict, to March 16, 2018. [ECFs 117, 118].

Defendant first asks the Court to recommend that the revocation proceedings be dismissed. Defendant represents that both the government and the USPO support this request. Defendant avers that he has continued to faithfully attend his counseling sessions with Dr. Ramona Moss,[2] and to file the required reports and meet, as required, with the USPO. With transportation assistance from the Office of the Federal Public Defender, defendant claims to have become fully compliant with his release conditions. Defendant further explains that he was able to remain compliant despite major hardships suffered as a result of the September hurricanes. [ECF 119] at ¶¶ 1-6.

Next, defendant seeks to terminate supervision 11 days early, based upon injuries he has suffered that make walking difficult, and because of a lack of available transportation during the last part of his term of supervision. He alleges that he has served over one year of his term and that termination is in the interests of justice, relying on 18 U.S.C. § 3583(e)(1). Finally, defendant contends no hearing is required for termination of supervision under Fed. R. Crim. P. 32.1(c)(2)(B). Defendant represents that the government agrees with this request. [ECF 119] at ¶¶ 7-9, 11.

Based upon the record before the Court, the Court makes the following findings:

1. In the period from August 17, 2017 to the present, defendant Fabian Towers has

---

[2] Defendant sought permission to expand the scope of the counseling beyond substance abuse to include mental health issues, and the Court granted that request on August 29, 2017. [ECF 108].

been fully compliant with the terms of his supervised release as they relate to participation in counseling and reporting to the USPO.

    2.     Defendant's term of supervised release began on May 27, 2016.[3]

    3.     Defendant has served over one year of his term of supervised release.

    4.     Defendant filed the instant motion on February 22, 2018.

    5.     The government has had a reasonable opportunity to object to the relief requested and has not done so.

    6.     Termination of the defendant's term of supervised release is warranted by his conduct and the interest of justice.

Accordingly, the premises considered, it is hereby **RECOMMENDED** as follows:

    1.     That the supervised release revocation proceedings currently pending be DISMISSED; and

    2.     That defendant's term of supervised release be TERMINATED.

It is further **ORDERED** that the hearing scheduled for March 16, 2018 is CANCELLED.

**DATED:** March 15, 2018           S\_____
                                                              **RUTH MILLER**
                                                              United States Magistrate Judge

---

[3]    *See* Judgment dated November 3, 2015 [ECF 99] (imposing a term of incarceration, followed by 22 months of supervised release).