# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )    **Criminal Action No. 2002-0057** |
| | ) |
| **FABIAN TOWERS,** | ) |
|             Defendant. | ) |

**Attorneys:**
**Sigrid M. Tejo-Sprotte, Esq.,**
St. Thomas, U.S.V.I.
    *For the United States*

**Brendan A. Hurson, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Magistrate Judge Ruth Miller's Report and Recommendation ("R&R"), issued on March 15, 2018 (Dkt. No. 120), in which she recommends that the Court dismiss Defendant's supervised release revocation proceedings and terminate Defendant's term of supervised release 11 days early.

The R&R pertains to Defendant's "Consent Motion to Dismiss Alleged Violations of Supervised Release and Request for Early Termination," ("Consent Motion"), filed on February 22, 2018. (Dkt. No. 119). In his Consent Motion, Defendant sought dismissal of his pending alleged violations of supervised release. Defendant also requested that the Court terminate his term

of supervised release on March 16, 2018—11 days early. *Id*. at 1-2.[1] Defendant supported the latter request on the ground that his counsel was unavailable to provide him with transportation to his March probation meeting and final counseling sessions. *Id*. at 4. Thus, his lack of transportation, along with his physical disability and limited means,[2] made it difficult for Defendant to comply with, and complete, the remaining terms of his supervised release. *Id*. at 4. Defendant asserted that neither the Government nor the United States Probation Office ("USPO") objected to the dismissal of his alleged probation violations. *Id*. at 1. However, while the Government did not object to the early termination of his supervised release, the USPO did not appear to support such action. *Id*. at 2.

In her March 15, 2018 R&R, Magistrate Judge Miller found that from August 17, 2017—when Defendant initially appeared in connection with two violations of the terms of his supervised release[3]—to the present, Defendant has been fully compliant with the terms of his supervised release. (Dkt. No. 120 at 2-3). Magistrate Judge Miller noted Defendant's representation regarding his physical injuries and lack of available transportation, and found that when Defendant filed his Consent Motion, he had already served over one year of his term of supervised release, which began on May 27, 2016.[4] She further noted that the Government had not objected to the relief requested in Defendant's Motion. *Id*. at 3. Magistrate Judge Miller found that Defendant's conduct and the interest of justice warranted termination of Defendant's term of supervised release. *Id*.

---

[1] Defendant's supervised release is set to expire on March 27, 2018. (Dkt. No. 119 at 1-2).

[2] Defendant has a leg injury which causes him extreme pain and requires him to walk with a cane. *Id*. at 4.

[3] These violations related to Defendant's failure to (1) turn in monthly reports to the Probation Office and (2) attend substance abuse counseling. (Dkt. No. 120 at 1).

[4] On November 3, 2015, Defendant was sentenced to 14 months of incarceration followed by 22 months of supervised release. (Dkt. No. 99).

Accordingly, Magistrate Judge Miller recommended dismissing Defendant's supervised release revocation proceedings and terminating his term of supervised release eleven days early. *Id*.

The Court finds no error in Magistrate Judge Miller's conclusion that Defendant's full compliance with the terms of his supervised release from August 17, 2017 to the present warrants dismissal of the supervised release revocation proceedings and, therefore, will adopt the recommendation in that regard. However, Magistrate Judge Miller does not cite, and the Court is unaware of, any additional requirements or obligations that Defendant must fulfill during the last 11 days of his supervised release that would require him to procure transportation or that would place unnecessary demands on his physical or financial limitations. Further, Defendant's compliance with the terms of his supervised release from August 17, 2017 to the present is conduct that was expected of Defendant by this Court—not grounds for early termination. Accordingly, the Court will reject Magistrate Judge Miller's recommendation on this latter issue, and deny Defendant's request for early termination of his supervised release.

Based on the foregoing, it is hereby

**ORDERED** that Magistrate Judge Miller's Report and Recommendation is **ADOPTED IN PART and REJECTED IN PART**; and it is further

**ORDERED** that Magistrate Judge Miller's recommended dismissal of Defendant's supervised release revocation proceedings is **ADOPTED**; and it is further

**ORDERED** that Defendant's revocation proceedings are **DISMISSED**; and it is further

**ORDERED** that Magistrate Judge Miller's recommended termination of Defendant's supervised release 11 days early is **REJECTED**; and it is further

**ORDERED** that Defendant's term of supervised release will expire as scheduled on March 27, 2018; and it is further

**ORDERED** that Defendant's Consent Motion is **GRANTED IN PART and DENIED IN PART**, as set forth herein.

**SO ORDERED**.

Dated: March 16, 2018
_____/s/_____
WILMA A. LEWIS
Chief Judge